UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANNON BRUCE MORLEY,

    Petitioner,

v.

JEFFREY A. UTTECHT,

    Respondent.

CASE NO. 3:20-CV-5227-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: September 4, 2020

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Shannon Bruce Morley initiated this federal habeas action on March 9, 2020, seeking relief from his state court convictions and sentence. *See* Dkt. 1, 8. The Court concludes Petitioner failed to properly exhaust his state court remedies as to the sole ground raised in the Petition. Therefore, the Court recommends the Petition be dismissed without prejudice and a certificate of appealability not be issued.

**I.**     **Background**

    A.  Procedural Background

Petitioner is challenging his August 3, 2010 Cowlitz County Superior Court convictions and sentence. *See* Dkt. 8; *see also* Dkt. 17-1, p. 2. Petitioner pleaded guilty to attempting to elude

REPORT AND RECOMMENDATION - 1

a pursuing police vehicle with an endangerment enhancement, assault in the third degree, possession of a stolen vehicle, and driving under the influence. Dkt. 17-1, p. 2. Petitioner was sentenced to 27.75 months of total confinement to be served concurrently with a Spokane County Superior Court conviction and sentence under the drug offender sentencing alternative ("DOSA") program. *Id*. at p. 9. Petitioner was also sentenced to a term of 27.75 months of community custody. *Id*. If his DOSA sentence was revoked, Petitioner was required to serve an additional 12 months of community custody. *Id*. at pp. 10-11.

Petitioner served the total-confinement portion of his sentences and was released on October 28, 2011 to begin serving the community custody portion of his sentences. Dkt. 17-1, pp. 53-55; *see also* Dkt. 16. Petitioner was arrested for newly committed crimes in December 2011 and did not leave total confinement for the new convictions until February 21, 2018. *See* Dkt. 17-1, pp. 53-55; *see also* Dkt. 19, pp. 14-16; Dkt. 16. Petitioner's DOSA sentence was revoked in March of 2018. *See* Dkt. 17-1, pp. 53-55; Dkt. 19, pp. 14-17. Petitioner began serving his additional term of community custody imposed by the Cowlitz County Superior Court on April 19, 2020. Dkt. 17-1, p. 33. Petitioner did not challenge his Cowlitz County Superior Court convictions and sentence on direct appeal. *See* Dkt. 16, p. 3.

B. <u>State Court Collateral Attacks</u>

Petitioner filed several personal restraint petitions ("PRP") in the state courts seeking collateral relief. On August 23, 2010, Petitioner filed a PRP challenging the "BAC fee" imposed as part of his Cowlitz County sentence. Dkt. 17-1, pp. 186-88. The PRP was dismissed as frivolous on February 25, 2011 and a certificate of finality was issued on April 28, 2011. *Id*.

Petitioner filed a second PRP on February 27, 2013 challenging both his Spokane County and Cowlitz County convictions and sentences, asserting (1) his guilty pleas were not voluntary

because he was suffering from an undiagnosed mental condition and Petitioner's attorney failed to have him examined and (2) he was involuntarily intoxicated when committing the crimes. Dkt. 17-1, pp. 233-40. The Court of Appeals of the State of Washington ("state court of appeals") dismissed Petitioner's second PRP as time barred. *Id*. at pp. 242-44. The certificate of finality was filed on May 30, 2013. *Id*. at p. 246.

On March 30, 2018, Petitioner filed a third PRP challenging the DOSA revocation related to both his Spokane County and Cowlitz County convictions and sentences. Dkt. 17-1, pp. 248-94. The state court of appeals dismissed Petitioner's third PRP on December 10, 2018. Dkt. 19, pp. 13-22. Petitioner filed a motion for discretionary review in the Washington State Supreme Court ("state supreme court"). *Id*. at pp. 25-39. The state supreme court denied the motion for discretionary review on April 5, 2019. *Id*. at pp. 42-45. A certificate of finality was issued on June 20, 2019. *Id*. at p. 47.[1]

C. Federal Petition

On March 9, 2020, Petitioner filed this federal habeas Petition alleging that he is being held beyond the statutory maximum time for a Class B felony. Dkt. 8. Respondent filed an Answer and Memorandum of Authorities on May 28, 2020, which was served on Petitioner. Dkt. 16.[2] In the Answer, Respondent asserts Petitioner failed to exhaust the sole ground raised in the Petition and requests the Petition be dismissed without prejudice. *Id*. Petitioner did not respond to the Answer.

---

[1] Petitioner also filed separate PRPs challenging his Spokane County Superior Court convictions and sentence. *See* Dkt. 17-1, pp. 105, 190, 197; Dkt. 19, p. 60. As Petitioner does not challenge the Spokane County Superior Court convictions and sentence in this federal Petition, the Court will not discuss these additional PRPs.

[2] A notice from the Court to Petitioner stating the option to consent deadline had been terminated was returned to Court as undeliverable. *See* Dkt. 20. The Court updated Petitioner's address. The Court notes the Answer was served on Petitioner at the updated address. *See* Dkt. 16, 20.

## II. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claim may be resolved on the existing state court record.

## III. Discussion

Respondent asserts Petitioner failed to exhaust his state remedies and thus his Petition should be dismissed. Dkt. 16.

### A. Legal Standard

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay*, 403 F.3d at 668. Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

B. <u>Analysis</u>

In the Petition, Petitioner asserts his sentence exceeds the statutory maximum for a Class B felony. Dkt. 8. Petitioner did not file a direct appeal and did not raise this ground in any of his PRPs. In his PRPs, Petitioner raised the following grounds: (1) a fee imposed as part of his sentence should be vacated; (2) his guilty pleas were involuntary because he was suffering from an undiagnosed mental condition and his attorney failed to have his mental capacity examined; (3) he was involuntarily intoxicated when committing the crimes; and (4) the revocation of his DOSA sentence violated his constitutional rights. *See* Dkt. 17-1, pp. 186-88, 233-40, 248-94.

Petitioner did not allege his sentence exceeded the statutory maximum for a Class B felony in any of his PRPs.

As Petitioner did not raise the sole ground alleged in the Petition to the state courts on direct appeal or in a PRP, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred. Accordingly, the Petition is unexhausted.

Respondent has requested this case be dismissed without prejudice. Dkt. 16. As Respondent does not seek dismissal with prejudice and does not assert Petitioner's claims are procedurally defaulted, the Court recommends this case be dismissed without prejudice. *See Wise v. Morgan*, 268 F. App'x. 668 (9th Cir. 2008).

### IV.  Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claim or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## V. Conclusion

For the above stated reasons, the Court finds the Petition is unexhausted and should be dismissed without prejudice. Further, no evidentiary hearing is necessary and a certificate of appealability should be denied. As Petitioner has paid the filing fee, the Court finds *in forma pauperis* status is not warranted on appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 4, 2020, as noted in the caption.

Dated this 13th day of August, 2020.

David W. Christel
United States Magistrate Judge